Thomas P. Gmelich, Esq., State Bar No. 166562
  tgmelich@bgwlawyers.com
Arpineh Yeremian, Esq., State Bar No. 245217
  ayeremian@bgwlawyers.com
BRADLEY, GMELICH & WELLERSTEIN LLP
700 North Brand Boulevard, 10th Floor
Glendale, California 91203-1202
Telephone:  (818) 243-5200
Facsimile:   (818) 243-5266

Attorneys for Defendants, REGAL CINEMAS, INC. and REGAL ENTERTAINMENT GROUP

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| TAMMY LITTLE, an individual; LEAH BUMBALOW, a minor, by and through her Guardian Ad Litem TAMMY LITTLE,<br><br>Plaintiff,<br><br>vs.<br><br>REGAL ENTERTAINMENT GROUP, a Delaware corporation; LAURA, an individual; and DOES 1-25, inclusive,<br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br>Action Filed:   07/21/2021 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants, REGAL CINEMAS, INC. and REGAL ENTERTAINMENT GROUP hereby remove to this Court the state court action described below.  Removal of this action is proper for the following reasons:

**I    TIMELINESS**

1.    Plaintiff commenced her action on or about July 21, 2021, by filing a Complaint for Personal Injuries and Damages on behalf of herself and as Guardian Ad Litem for her daughter, Leah Bumbalow.  A true and correct copy of the Complaint is attached hereto as **Exhibit A.**

2.    Defendant, REGAL ENTERTAINMENT GROUP has been served

with the Complaint via personal service on the agent for service of process on March 7, 2022. Counsel for Plaintiffs was advised that REGAL CINEMAS, INC. is the appropriate, operating entity to be named in the suit. Plaintiffs filed a DOE Amendment on March 23, 2022 naming Regal Cinemas, Inc. as DOE 1. Plaintiffs' counsel represented via electronic communications on March 29, 2022 that when a conformed copy of the DOE Amendment was received they would be dismissing Regal Entertainment Group. A true and correct copy of the DOE Amendment is attached hereto as **Exhibit B** and a true and correct copy of the electronic communication regarding dismissal of Regal Entertainment Group is attached hereto as **Exhibit C.**

3. This notice of removal is timely in that it is filed on or before thirty (30) days after the responsive pleading deadline of April 6, 2022 and the Complaint contains notice that the case is removable within the meaning of 28 USC §§ 1441(b) and 1446.

## II  BASIS FOR REMOVAL

5. This is a civil action over which this Court has original jurisdiction under Title 28 U.S.C. § 1332(a)(1), and is one which may be removed to this Court by defendant, Regal Cinemas, Inc. and Regal Entertainment Group, pursuant to the provisions of Title 28 U.S.C. § 1441(b) in that the action is between citizens of different States.

6. Plaintiffs' Complaint alleges that the incident occurred in the State of California. Plaintiffs also reside in California. Defendant, Regal Cinemas, Inc., is a Corporation registered in Delaware, with a principal place of business in Knoxville, Tennessee, where the corporation's high-level officers direct, control, and coordinate the company's activities and is the operating entity. Defendant, Regal Entertainment Group is also a Corporation registered in Delaware, with a principal place of business in Knoxville, Tennessee, where the corporation's high-level officers direct, control, and coordinate the company's activities and is the parent

1 entity.

2   7.   Plaintiffs' Complaint also names an individual named "Laura" who they allege was a supervisor and/or manager at the theater at the time of the incident. While no last name is stated for Laura in the Complaint, somehow Plaintiffs purportedly knew to allege that Laura is a resident of San Bernardino County, California. The Complaint further alleges she was responsible for the maintenance of the theater and for training/educating employees.

   8.   It is believed that the naming of Laura by Plaintiffs is for sham purposes for multiple reasons. To begin with, no employee by the name of Laura was working on the night of the incident. A true and correct copy of the employee roster for that evening is attached hereto as **Exhibit D.**

   9.   Moreover, the allegations are not sufficient to create individual liability on any purported employee as all of the alleged negligence, as pled, would be transferred to Regal Cinemas, Inc. and/or Regal Entertainment Group under theories of vicarious liability.

   10.   Additionally, Plaintiffs do not know enough about Laura to name her with a proper last name, yet somehow they know to allege that she lives in San Bernardino County without any facts substantiating so.

   11.   In telephonic and electronic meet and confer efforts with counsel for Plaintiffs as to who Laura is and why she is named, they have been unable to provide any facts or bases as to who she is, what her full name is and what she did or did not do to create individual liability that would not be assumed by her employer, *i.e.* Regal Cinemas, Inc. and/or Regal Entertainment Group. In fact, in said meet and confer efforts Plaintiff counsel inquired "If we dismiss Laura, are you going to remove the case to Federal Court?" To which, counsel was reminded that naming an individual employee and alleging she is a California resident without any bases for doing so simply to destroy diversity is improper prosecution of a case. A true and correct copy of the electronic meet and confer exchanges memorializing the

3
NOTICE OF REMOVAL

conversations is attached hereto as **Exhibit E.**

12. A non-diverse party named in the state court action may be disregarded if the Federal Court determines that the party's joinder is a "sham" or "fraudulent" so that no possible cause of action has been stated against that party. *Morris v. Princess Cruises, Inc.* (9th Cir. 2001) 236 F3d 1061, 1067. In *Sherrill v. G&K Services, Inc.* (C.D. Cal. 2014) 2014 WL 6670064 at p.2 the Court acknowledged that "joinder of a non-diverse defendant is fraudulent where the plaintiff 'fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." As is clearly the case here, such that "Laura" cannot destroy diversity because there is no proper cause of action that she alone can carry and she must be dismissed from the matter.

13. Upon information and belief, Plaintiff is claiming injuries to her and her daughter whom she was carrying in her arms at the time of the fall. They both claim they were hurt in their health, strength and activity sustaining severe shock and injuries to their persons all of which said injuries have caused, continue to cause, and will in the future cause Plaintiffs great physical and emotional pain and suffering and that the injuries are permanent in nature. As such, it is presumed that Plaintiffs allege the case value to exceed $75,000.00.

### III  VENUE

14. The San Bernardino County Superior Court is located within the jurisdiction of the United State District Court, Central District of California (Eastern Division). *See* Title 28 U.S.C. § 84(c)(2). This venue is proper, pursuant to Title 28 U.S.C. § 1391. This Notice of Removal is therefore properly filed in this Court, pursuant to Title 28 U.S.C. § 1441.

### IV  PLEADINGS AND PROCESS

15. Other than Exhibits A, B, C, D and E there are no other pertinent documents at this time to the removal pleadings on file in the State Court action. This Notice of Removal is being filed without prejudice to Defendants' objections

and defenses.

16. Counsel for Defendant certifies that they will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of California, County of San Bernardino, as required by Title 28 U.S.C. § 1446, and give notice of same to Plaintiffs.

WHEREFORE, Regal Cinemas, Inc. and Regal Entertainment Group, hereby removes the action now pending against it in the Superior Court of the State of California for the County of San Bernardino, to this Honorable Court, and requests that this Court retain jurisdiction for all further proceedings.

Dated:  April 5, 2022                BRADLEY, GMELICH & WELLERSTEIN LLP

By: _____
Thomas P. Gmelich
Arpineh Yeremian

Attorneys for Defendants, REGAL CINEMAS, INC., REGAL ENTERTAINMENT GROUP

# PROOF OF SERVICE

**Tammy Little, et al. vs. Regal Entertainment Group, et al.**
**Case No.**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 700 North Brand Boulevard, 10th Floor, Glendale, CA 91203-1202.

On April 5, 2022, I served true copies of the following document(s) described as **NOTICE OF REMOVAL** on the interested parties in this action as follows:

Daniel Azizi, Esq.
Nina Sargsyan, Esq.
Downtown L.A. Law Group
601 N Vermont Avenue
Los Angeles, CA 90004
Telephone: 213-389-3765
Facsimile: 877-389-2775
E-Mail: Daniel@downtownlalaw.com; Nina@downtownlalaw.com
*Attorneys for Plaintiffs, TAMMY LITTLE and LEAH BUMBALOW*

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 5, 2022, at Glendale, California.

_____
Inessa Gentile